**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **WASEEM DAKER,** | : |
| | : |
| **Plaintiff,** | : |
| **VS.** | :     **NO. 7:20-CV-113-HL-TQL** |
| | : |
| **TIMOTHY WARD, *et al.*,** | : |
| | : |
| **Defendants.** | : |
| _____ | : |

## ORDER

Presently pending before the Court are Objections (ECF No. 18), a motion for access to case authorities (ECF No. 17), and a motion for reconsideration (ECF No. 19) filed by *pro se* Plaintiff Waseem Daker, an inmate who is currently confined at the Smith State Prison in Glenville, Georgia.  After consideration of each of Plaintiff's submissions, the Court **DENIES** Plaintiff's motion for access to case authorities and **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for reconsideration.  Plaintiff is additionally **ORDERED** to recast his Complaint in accordance with the directions set forth herein.

### MOTION FOR ACCESS TO CASE AUTHORITIES

Plaintiff has filed a motion for "access to case authorities," requesting that the Court provide him copies of the authorities cited in the September 9, 2021 Recommendation (ECF No. 17).  In this motion, Plaintiff avers that he "has not had access to any of the cases cited by the magistrate."  Mot. 4, ECF No. 17.  Plaintiff, however, does not explain why this would be the case.  Previous motions requesting this same relief were predicated on Plaintiff's assertion that he was in "lockdown" and therefore had limited access to the law

library, but at the time Plaintiff filed the pending motion he was in general population. Moreover, as with Plaintiff's previous motions seeking this relief, Plaintiff provides no specific factual details showing how any limitations on his access to legal materials have affected his ability to prosecute this case, and recent filings in his pending cases demonstrate that Plaintiff has ample access to a broad range of legal authorities. Plaintiff also neglects to explain any efforts he has made to obtain access to the authorities he seeks in this case from the prison law library, including documenting which authorities he requested, the dates he requested such authorities, and any responses by prison officials to those requests. Because Plaintiff has failed to demonstrate that his purported lack of access to the legal authorities he requests has prevented him from prosecuting this case or that he has affirmatively been denied access to those authorities, his motion (ECF No. 17) is **DENIED**.

## MOTION FOR RECONSIDERATION AND OBJECTIONS

### I.   Procedural History and Standard of Review

On September 9, 2021, the United States Magistrate Judge recommended dismissal of Plaintiff's Amended Complaint in this case (ECF No. 12). Plaintiff filed a motion for an extension of time to object to this Recommendation (ECF No. 13); the Court granted Plaintiff's motion on September 28, 2021 and provided Plaintiff with an additional fourteen (14) days from that date to file his objections (ECF No. 14). After the extended time for filing objections passed without a response from Plaintiff, the Court adopted the Recommendation and entered judgment dismissing the case on November 3, 2021 (ECF

Nos. 15, 16).

On November 5, 2021, the Court received Plaintiff's motion for access to case authorities (ECF No. 17) and his Objections (ECF No. 18). Plaintiff's typewritten, 109-page Objections were signed on October 15, 2021—the date they were due, including mailing days under Federal Rule of Civil Procedure 6(d)—and postmarked on November 3, 2021. Attach. 1 to Objs. 55, ECF No. 18-1; Attach. 2 to Objs. 1, ECF No. 18-2. The Court then received Plaintiff's motion for reconsideration on December 20, 2021, though it was signed on December 1, 2021 and appears to be postmarked December 16, 2021. Mot. Recons. 6, ECF No. 19; Attach. 1 to Mot. Recons. 1, ECF No. 19-1. An application of the prison mailbox rule thus dictates that (1) Plaintiff's motion for reconsideration should be treated as one filed under Federal Rule of Civil Procedure 59(e), which provides an avenue for altering or amending a judgment and must be filed within 28 days after the entry of that judgment and (2) Plaintiff's Objections should be considered timely and will therefore be fully considered in determining whether Plaintiff's motion for reconsideration should be granted.[1]

As Plaintiff is by now well-aware, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'"

---

[1] Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, it is assumed that a document is delivered to prison authorities on the date the prisoner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

*Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same).  Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."  *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original).  The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).  Plaintiff bases his motion on "the availability of new evidence" and "the need to correct clear error or manifest injustice," Mot. Recons. 2, ECF No. 19, and in addition to his Objections (ECF No. 18), he has filed "new evidence" in the form of declaration (ECF No. 20) in support of his motion.

## II.    Plaintiff's Claims

### A.    <u>Claims Dismissed as Duplicative, Frivolous, and Malicious</u>

As an initial matter, Plaintiff has not persuaded the Court that it erred in finding that Plaintiff's claims concerning the alleged deprivation of CDs on Tier II are duplicative and

4

therefore subject to dismissal as frivolous and/or malicious.  Plaintiff was plainly pursuing these claims in other cases at the time he filed his Amended Complaint in this case, and his contention that the Tier II claims in this case are not duplicative of the Tier II claims in his earlier cases because those claims were dismissed without prejudice lacks merit.  Plaintiff chose to appeal those claims rather than refile them, and those appeals were pending at the time he filed the Amended Complaint in this action.  His earlier actions are thus considered open, and the notice of appeal filed in those matters may divest his Court "of jurisdiction over these same claims and issues[.]" *Jones v. District of Columbia*, Civil Action No. 1:21-cv-01696 (UNA), 2021 WL 5564631, at *1 (D.D.C. Nov. 23, 2021) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)).  Plaintiff therefore "cannot file them anew in an attempt to revive them while he awaits the Circuit's determination." *Id.*  Permitting Plaintiff's claims to proceed in trial court while they are also proceeding on appeal would also waste judicial resources and delay the ultimate resolution of those claims by needlessly entangling the courts in duplicative and protracted litigation.

Furthermore, Plaintiff has shown a proclivity to file his claims in multiple jurisdictions in an effort to obtain multiple bites at the same apple.  Indeed, at the same time Plaintiff was seeking to persuade this Court not to dismiss his claims (by filing his Objections), he was simultaneously seeking to amend his complaint to include some of those very same claims in the Southern District of Georgia.  *See, e.g.,* Attach. 1 to Mot. Am. 94-95, ECF No. 339-1 in *Daker v. Head*, Case No. 6:14-cv-00047-RSB-BWC (S.D.

Ga. Nov. 12, 2021) (seeking to file amended complaint in that case which would include claims that denial of CDs on Tier II violates the First Amendment and RLUIPA). Plaintiff has been warned that such conduct constitutes bad faith. *See, e.g., Daker v. Bryson*, Civil Action No. 5:15-cv-00088-TES-CHW, 2019 WL 826474, at *4 (M.D. Ga. Feb. 21, 2019) (warning Plaintiff that "the filing of multiple, identical complaints—in different jurisdictions—with the stated intent of only prosecuting whichever case was 'allowed to proceed' is a glaring example of bad faith and malicious conduct"). His continued refusal to heed the Court's warnings constitutes an abuse of the judicial process that also merits dismissal. *See, e.g., Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (holding that "an abuse of the judicial process" can "warrant[] dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1)).

Plaintiff's motion for reconsideration of the dismissal of his claims related to Defendants' customs or policies limiting CD access on Tier II is therefore denied. *See Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) (affirming dismissal of Plaintiff's duplicative claims without prejudice as "malicious" under § 1915A(b)(1)).

## B.   First Amendment "Information and Ideas" Claims

The Court turns next to Plaintiff's claims that Defendants' customs or policies restricting CD purchases to a single vendor and restricting the delivery of packages to inmates who are on Tier II or package restriction for disciplinary reasons violate his First Amendment right to "information and ideas." *See, e.g., Stanley v. Georgia*, 394 U.S. 557, 564 (1969). These claims may not be duplicative of his claims that CDs were not available

to him on Tier II.  Plaintiff, however, has still failed to plead facts sufficient to show that these policies are unrelated to legitimate penological interests, as explained in the Magistrate Judge's Recommendation.  Plaintiff's motion to reconsider the dismissal of his claims that these policies purportedly violate his First Amendment right to "information and ideas" is therefore denied.

Plaintiff also seeks reconsideration of the dismissal of his claims challenging the prison's policies limiting the number of individuals who may contribute to his prison trust fund account and purchase packages for him.  But the First Amendment simply does not require the prison to permit an unlimited number of individuals to contribute funds to or purchase packages for Plaintiff—particularly when funds could be used to purchase some other amenity that does not implicate the First Amendment or the packages could contain such amenities.  Plaintiff's motion for reconsideration is therefore denied as to these claims.

C.     Religious Freedom Claims

Plaintiff next seeks reconsideration of his claims that Defendants' policies have substantially burdened his ability to practice his religion.  Plaintiff has not alleged any facts that would persuade the Court to reconsider its finding that the policies challenged in this action do not substantially burden Plaintiff's ability to practice certain aspects of his religion, namely (1) communicating with immediate and extended family members, other members of the Muslim community, and religious or spiritual advisers and (2) obtaining secular and religious knowledge.   The Court also finds no error in its previous determination that Plaintiff's claims regarding various denials of religious exercise on Tier

7

II are duplicative and therefore should be dismissed as frivolous and/or malicious. Plaintiff's motion for reconsideration of these claims is denied.

With respect to Plaintiff's religious freedom claims that are not necessarily linked to his placement on Tier II, however, Plaintiff has alleged facts that warrant reconsideration of the Court's prior order of dismissal.   First, the Court dismissed Plaintiff's claims concerning the denial of Halal food on grounds that Plaintiff had not alleged that he had used the prison's special religious request procedure to obtain food sufficient to supplement the prison's master menu.   Plaintiff now alleges that he did file special religious requests that were denied or ignored by prison officials.   *See, e.g.,* Attach. 1 to Objs. 42-43, ECF No. 18-1.   The Court also dismissed Plaintiff's claims concerning his ability to obtain a kufi, a prayer rug, and shaving clippers on grounds that Plaintiff was no longer on Tier II or on package restriction and thus his claims were moot.   Plaintiff contends that these claims are not moot primarily because of the possibility that Plaintiff could be placed back on Tier II.   *See id.* at 47-54.   Finally, the Court dismissed Plaintiff's claims concerning his ability to learn Qur'an recitation because Plaintiff had not shown that his ability to learn the chant of Qur'an had been substantially burdened.   In response, Plaintiff submitted an affidavit from Imam Furqan A. Muhammad explaining that Plaintiff requires access to a recorded version of the chant in order to practice this aspect of his religion (ECF No. 22).

It is unclear whether Plaintiff has raised these claims in other cases that are currently pending in any trial or appellate court.   *See, e.g.,* Attach. 1 to Compl. 39-41, ECF No. 1-1 in *Daker v. Dozier*, Case No. 5:18-cv-00245-TES-CHW (M.D. Ga. July 9, 2018) (denial

of digital Qur'an and Islamic halal food) (case currently pending on appeal).  But given these new allegations and the accompanying affidavit, the Court will grant Plaintiff's motion for reconsideration to the extent he is alleging that Defendant's policies substantially burden the practice of his religion by preventing him from (1) obtaining a kufi; (2) obtaining a prayer rug; (3) obtaining halal meat and dairy products; (4) obtaining clippers; and (5) learning the chant of Qur'an.

Because Plaintiff's claims are based on his allegations that the policies at issue in *Daker v. Ward*, 7:20-cv-00089-HL-TQL (M.D. Ga. June 11, 2020) have combined with the policies at issue in this case to deprive him of his rights, the Court has ordered that Case Number 7:20-cv-00089-HL-TQL be consolidated into the above-captioned action.  If Plaintiff wishes to proceed with his claims that Defendants' policies, as applied to his particular situation, have substantially burdened the practice of his religion because they have prevented him from obtaining halal meat and dairy, clippers, kufi, and a prayer rug and from learning the chant of Qur'an, he is also ordered to file a new complaint. [2]  This recast complaint must (1) be limited to only these claims; (2) contain the case number of any other case pending in any federal or state court alleging similar claims, provide the

---

[2] The Court again notes that because the GDC's policies provide him the ability to request any item of religious significance that another GDC policy would otherwise prevent him from having, the challenged policies, on their face, do not appear to substantially burden his religious practice.  *See, e.g., Schlemm v. Wall*, 165 F. Supp. 3d 751, 762 (W.D. Wisc. Feb. 29, 2016) (observing that requiring a prisoner "to file a request for a special food order is not particularly burdensome, much less a 'substantial burden'" but noting that prisoner's claims "*may* have merit" if he could show that he was still unable to obtain religious food item under policy).

current status of those claims, and explain why the claims raised in this new complaint are not duplicative of the pending claims; (3) clearly identify each Defendant who Plaintiff believes is responsible for each alleged deprivation of his rights; and (4) describe any efforts Plaintiff has made to obtain access to halal meat and dairy, clippers, kufi, a prayer rug, and Qur'an recordings.

The Clerk is **DIRECTED** to forward Plaintiff a copy of the Court's standard § 1983 form, marked with the case number of the above-captioned action, that Plaintiff shall use to comply with this Order. Plaintiff may append only an additional **TWENTY (20) PAGES** to this form; the Court will not consider any submissions beyond those submitted on the standard form and these additional twenty pages. Plaintiff shall have **FOURTEEN (14) DAYS** to submit his recast complaint. **If Plaintiff fails to fully and timely comply with this Order, his case will be dismissed for failure to comply.**

### III.    Conclusion

In accordance with the foregoing, the Court **DENIES** Plaintiff's motion for access to case authorities (ECF No. 17) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for reconsideration (ECF No. 19). Plaintiff is additionally **ORDERED** to recast his Complaint within **FOURTEEN (14) DAYS** of the date of this Order and in accordance with the directions set forth herein.

**SO ORDERED**, this 26th day of April, 2022.

*s/ Hugh Lawson*
HUGH LAWSON, SR. JUDGE