# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **WASEEM DAKER,** | |
| Plaintiff. | Case No. 7:20-CV-113 (HL) |
| v. | |
| **TIMOTHY WARD**, *et al.,* | |
| Defendants. | |

## ORDER

United States Magistrate Judge Thomas Q. Langstaff recommends that Plaintiff Waseem Daker's claims under the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et. seq.*, that he was denied halal meat and dairy, clippers, a kufi, a prayer rug, and Qur'an recordings proceed for further development against Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepard, Toole, Turner, and Ammons. The Magistrate Judge recommends that Daker's remaining claims against all remaining defendants be dismissed without prejudice. The Magistrate Judge also recommends denying Daker's Motion to Administratively Reopen Case No. 7:20-cv-89 for the Limited Purpose of Allowing Appeal from Dismissed Claims, etc. (Doc. 27). Daker has filed objections, so pursuant to 28 U.S.C. § 636(b), the Court reviews the portions of the Report and Recommendation to which Daker objects *de novo.*

As an initial matter, Daker included the phrase "motion to exceed page limitations on objections" in the title of his filed objections, but he did not reference such a motion in the body of his filing or include any explanation as to why his objections should be allowed to exceed the page limitation. In its review of Daker's objections, the Court found no basis for an extension. As Daker was clearly instructed that his objection should be limited in length to 20 pages and provided no justification for exceeding that limitation, the Court has reviewed only the first twenty pages of Daker's objections to the Recommendation. (Doc. 30 at 15-16); *see* Local Rule 7.4 (limiting objections to 20 pages).

Daker's objections center on his disagreement with the scope of reconsideration that the Court granted in its previous order. (Doc. 20.) First, Daker argues that the Magistrate Judge erred by finding that Daker's additional claims beyond the scope of granted reconsideration should be allowed to proceed. Second, Daker argues that claims should be allowed to proceed against defendants that the Magistrate Judge recommends be dismissed. Each of these objections is meritless.

As the Court has previously explained, the permitted scope of Daker's recast complaint was limited to the claims that were granted reconsideration. (*See* Doc. 21); *see also Daker v. Dozier,* No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (explaining that Federal Rule of Civil Procedure 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory … [or] give the moving party another 'bite at the apple' by permitting the

arguing of issues and procedures that could and should have been raised prior to judgment"). The Magistrate Judge did not err in recommending that new or previously dismissed claims be dismissed in order to conform with the scope of reconsideration that the Court granted in its previous order. (Doc. 21.)

Daker's arguments that claims should proceed against additional defendants fail for similar reasons. The Magistrate Judge recommended that additional defendant be dismissed because Daker failed to properly allege sufficient facts to warrant these defendants continuing in the case. (*See* Doc. 30 at 11-12.) Daker was given very clear instructions for his recast complaint, and the Court specifically ordered Daker to "clearly identify each Defendant who [he] believes is responsible for each alleged deprivation of his rights." (Doc. 21 at 10.) The majority of the defendants Daker included in his recast complaint were listed in groups according to their titles and the organization of prison management, and very few were individually alleged to be responsible for specific claims. (*See* Doc. 26.) Accordingly, the Magistrate Judge's recommendation that only the defendants whom Daker has sufficiently alleged to have individually deprived him of his rights should proceed in this case is appropriate. Moreover, as the Magistrate Judge noted in the Recommendation, "[i]f discovery reveals that additional or different individuals were involved with the decisions to deny Plaintiff [the relevant items], he may move for leave to amend in accordance with the Federal Rules of Civil Procedure." (Doc. 30 at 12 n.4.)

The Magistrate Judge did not err by recommending that Daker's claims be limited to those claims and defendants specified in the Recommendation. Daker was clearly warned that failure to abide by the Court's instructions for recasting his complaint would result in the dismissal of errant claims without prejudice, and Daker failed to comply with the Court's instructions in several ways, which are detailed in the Recommendation. (Doc. 21 at 10; Doc. 30.) Any additional claims or claims that Daker wishes to raise against additional defendants must be submitted in a separate action; this case is limited to the claims that were granted reconsideration and the associated defendants who were adequately identified in Daker's court-ordered recast complaint.

Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 30) is **ADOPTED** and made the Order of the Court. Daker's claims under the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et. seq.*, that he was denied halal meat and dairy, clippers, a kufi, a prayer rug, and Qur'an recordings proceed against Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepard, Toole, Turner, and Ammons **shall proceed for further development**. Daker's remaining claims against all remaining defendants are **DISMISSED without prejudice**. Daker's Motion to Administratively Reopen Case 7:20-cv-89 for Limited Purpose of Allowing Appeal from Dismissed Claims, etc., (Doc. 27) is **DENIED.**

**SO ORDERED** this 31st day of March 2023.

*s/Hugh Lawson*_____<br>**HUGH LAWSON, SENIOR JUDGE**

aem