IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| VS. | : NO. 7:20-CV-00113-HL-TQL |
| TIMOTHY WARD, *et al.*, | : |
| Defendants. | : |

### ORDER

Presently pending before the Court are motions filed by *pro se* Plaintiff Waseem Daker seeking (1) service by the United States Marshal (ECF No. 34); (2) access to stored legal materials (ECF No. 35); (3) leave to file a second amended and supplemental complaint (ECF No. 36); and (4) to expedite ruling on his motion for service (ECF No. 38). For the following reasons, Plaintiff's motions are **DENIED.**

### DISCUSSION

**I.  Motion for Service**

Plaintiff has first filed a motion requesting that the Court order the United States Marshal to serve Defendants in this case. Federal Rule of Civil Procedure 4(c)(3) governs service by the marshal, and "[w]hether a district court has discretion to order service by the USMS under Rule 4(c)(3) hinges upon whether the plaintiff is proceeding *in forma pauperis* ('IFP')." *Daker v. Ward*, No. 21-13660, 2022 WL 17076984, at *4 (11th Cir. Nov. 18, 2022). "When a plaintiff who is not proceeding IFP requests that a district court

order that service be made by the USMS, the district court *may* grant such a request; when a plaintiff is proceeding IFP, the district court *must* order that service be made by the USMS." *Id.*  In this case, Plaintiff is not proceeding IFP, and therefore the Court has discretion whether to order service by the USMS. *Id.*

Plaintiff contends he is unable to contact a process server to assist him with service because he is incarcerated.  Mot. Service 6, ECF No. 34.  He also contends that he does not have addresses for Defendants Emmons, Riser, Crickmar, Shepherd, or Adams and is therefore unable to serve those individuals. *Id.*  Plaintiff further states that the Georgia Department of Corrections' policies prevent him from complying with the Federal Rules of Civil Procedure governing requests for waivers of service.  More specifically, Plaintiff contends that the GDC's indigent postage policy does not allow him to obtain return postage and thus "does not allow Plaintiff to comply with Fed. R. Civ. P. 4(d)(1)(C), requiring that the request 'be accompanied by . . . a prepaid means for returning the form.'" *Id.* at 12.  Plaintiff also contends that the denial of access to photocopies prevents him from serving each of the nine named Defendants in this action. *Id.* at 12-13.  For example, Plaintiff alleges he attempted to serve Defendant Adams by using the in-house prison mail system and used his only copy of the Recast Complaint and both copies of the forms sent to him by the Clerk's office in this case; he therefore does not have any additional copies to serve the remaining Defendants and has no way to obtain the additional copies he requires. *Id.* at 13.  In addition, Plaintiff contends that "in the past, [he] had a free-world (non-incarcerated) friend who could sometimes assist [him] with things such as looking up

or calling a process server on his behalf, but that friend no longer is available to help [Plaintiff] with anything of this nature since." *Id.* at 6.

While the Court can appreciate the difficulties inherent in perfecting service as an incarcerated individual, Plaintiff's motion does not persuade the Court that he cannot serve Defendants in this case. First, Plaintiff's contention that he cannot serve the Defendants simply because he is in prison is not true. Plaintiff has successfully perfected service despite being incarcerated. *See Daker v. State Farm*, ECF Nos. 2, 3, 12 in Case No. 1:20-cv-1052-JBM-TSH (C.D. Ill. 2020).

Second, Plaintiff's contention that he does not have anyone to provide him assistance outside of the prison also appears to be untrue. This Court noted that it recently received documents that must have been mailed by an individual outside of the prison. *Daker v. Ward*, Order 4, ECF No. 79 in Case No. 5:19-cv-00126-MTT-CHW (M.D. Ga. Feb. 6, 2023). And documents filed shortly after Plaintiff filed his motions seeking service in this case were mailed from South Carolina, directly contradicting Plaintiff's assertion that he does not have anyone outside of the prison who is helping him litigate his cases. *See, e.g., In re Waseem Daker*, Mot. 39, ECF No. 5 in Appeal No. 23-10830 (11th Cir. Mar. 31, 2023) (origin zip code 29680). Plaintiff also recently filed a motion requesting additional time to have a friend assist him paying his appeal fees. *Daker v. Owens*, Mot. Ext. Time 2, ECF No. 5 in Appeal No. 22-14263 (11th Cir. Jan. 20, 2023) (requesting extension of time to pay filing fee until March 13, 2023; fee paid on March 27, 2023). It is thus unclear why this individual (or individuals) could not have assisted in making

copies, procuring addresses for the Defendants, serving the Defendants, or providing Plaintiff with contact information for attorneys and process servers, among other things.

Moreover, Plaintiff appears to maintain access to significant financial resources outside of the prison. Plaintiff is still paying filing fees when it suits him. Indeed, while Plaintiff's motions for service in this case have been pending, he has paid the full filing fee in at least three cases. *See, e.g., Daker v. Owens*, ECF No. 7 in Appeal No. 22-14263 (11th Cir. Mar. 27, 2023) (receipt indicating appellate filing fee filed); *Daker v. Toole*, Appeal No. 23-10609 (11th Cir. Feb. 23, 2023) (fee paid on filing); *Daker v. Wietelman*, No. 1:23-cv-00378-CKK (D.D.C. Jan. 30, 2023) (indicating Plaintiff paid filing fee on Mar. 7, 2023). It is therefore unclear why Plaintiff did not dedicate some of these financial resources to hiring a process server or an attorney who could assist him in locating or serving Defendants.

In short, Plaintiff "is an experienced litigator with the skills, ability, and resources to manage his lawsuits." *Daker v. Ward*, Order 2, ECF No. 79 in Case No. 5:19-cv-00126-MTT-CHW (M.D. Ga. Feb. 6, 2023). He should be able to use these skills, abilities, and resources to perfect service in this case. Plaintiff is therefore directed to serve Defendants within **SIXTY (60) DAYS** of the date of this Order. The Clerk is **DIRECTED** to provide Plaintiff with one additional copy of his Recast Complaint in this case as well as one additional copy of the Court's standard Rule 4 service package. But the Court will not further subsidize Plaintiff's litigation absent some other good cause shown.

II.     **Motion for Leave to File Second Amended and Supplemental Complaint**

Plaintiff has also filed a motion for leave to file a second amended and supplemental complaint ("SASC") in this action. At this stage, Plaintiff requires the Court's leave to amend or supplement. Fed. R. Civ. P. 15(a); 15(d). While the Court "should freely give leave [to amend] when justice so requires," leave to amend need not be granted where—among other things—amendment would be futile or there exists "bad faith or dilatory motive on the part of the movant[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court finds that the motion in this case was filed in bad faith and/or that amendment would be futile.

This Court has thoroughly considered Plaintiff's claims on at least seven occasions over the last several years: while assessing his original Complaint (ECF No. 1); his objections to the recommendation to dismiss the original Complaint (ECF No. 10); his Amended Complaint (ECF No. 11); his objections to the recommendation to dismiss the Amended Complaint (ECF No. 18); his motion for reconsideration of the dismissal of the Amended Complaint (ECF No. 19); his Recast Complaint (ECF No. 26); and his objections to the dismissal of some of his claims in the Recast Complaint (ECF No. 33). In an effort to bring some sort of resolution to Plaintiff—which, presumably, is the goal of this litigation—the Court directed Plaintiff to recast his Complaint to contain only those claims related to how Defendants' policies, as applied to his particular situation, substantially burdened the practice of his religion because they prevented him from obtaining halal meat and dairy, clippers, kufi, and a prayer rug and from learning the chant of Qur'an. Order 9, Apr. 26, 2022, ECF No. 21. The Court limited Plaintiff to appending twenty (20) pages to the Court's standard complaint form. *Id.*

5

The United States Magistrate Judge screened the Recast Complaint and permitted a number of Plaintiff's claims to proceed for further factual development. *See generally* Order & Recommendation, Jan. 5, 2023, ECF No. 30. The Magistrate Judge also noted, however, that Plaintiff improperly attempted to include claims that were outside the scope of the order to recast, including at least one entirely new claim. *Id.* at 7. The Magistrate Judge recommended dismissal of the claims that did not comply with the Court's order to recast, *id.*, and this Court adopted the recommendation to dismiss on March 31, 2023 (ECF No. 39). Plaintiff's motion for leave to file the SASC was signed on or about January 31, 2023, while the Magistrate Judge's recommendation was pending. Mot. File SASC 8, Feb. 23, 2023, ECF No. 36.

The SASC is a clear attempt to circumvent this Court's order limiting the scope of this case to the claims described in the April 26, 2022 Order. The SASC is almost 40 pages long—nearly double the page limitations set forth in that order. It names dozens of Defendants, and it raises claims that the Court has told Plaintiff he is barred from raising as well as entirely new claims (which he was likewise instructed not to raise). For example, Plaintiff now contends that various Defendants violated his equal protection rights by providing Christian inmates with a free Bible app on their tablets while failing to provide Muslim prisoners with a free Qur'an app. SASC 36-37, ECF No. 37.

Plaintiff knows this conduct is improper. *See, e.g., Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (per curiam) (affirming dismissal of Plaintiff's claims for failure to comply with magistrate judge's orders regarding amendment of complaint); *Daker v. Commissioner*, 850 F. App'x 731, 733 (11th Cir. 2021) (per curiam) (affirming dismissal

of claims where Plaintiff "made no attempt to comply with the court order limiting his amended complaint to the original defendants and claims"). It also appears likely that Plaintiff is attempting to import these new claims into this case to circumvent 28 U.S.C. § 1915(g) as well as the filing restrictions imposed on Plaintiff by this Court and others. The Court thus concludes Plaintiff's motion for leave to file the SASC was made in bad faith. *See Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir. 1998) ("A party . . . demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." (internal quotation marks omitted)); *cf. also Daker*, 841 F. App'x at 121 (holding that dismissed claims could be considered malicious where they were duplicative and "filed to circumvent court orders" in another case).

Moreover, even if the SASC was not filed in bad faith, amendment in the manner sought by Plaintiff would be futile. "A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (internal quotation marks omitted). The SASC does not comply with the order to recast and would be dismissed for that reason. *See* Order 3, Mar. 31, 2023, ECF No. 39 ("The Magistrate Judge did not err in recommending that new or previously dismissed claims be dismissed in order to conform with the scope of reconsideration that the Court granted in its previous order.").[1] Plaintiff's

---

[1] As noted below, the Magistrate Judge advised Plaintiff that he could move for leave to amend pursuant to the Federal Rules of Civil Procedure if discovery reveals that additional or different Defendants were involved in the decisions to deny Plaintiff the relevant items. Order & Recommendation 12 n.1, ECF No. 30. It is clear, however, that the SASC was not filed in accordance with this directive (particularly given that discovery has not yet occurred).

7

motion to amend or supplement (ECF No. 36) is therefore denied because it was made in bad faith and/or because amendment would be futile.

## III. Motion for Access to Stored Legal Materials

Finally, Plaintiff filed a motion contending that Defendants have not provided him with sufficient access to his stored legal materials and requesting that the Court enter a preliminary injunction directing Defendants to provide him with adequate access (ECF 35). A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Factors a movant must show to be entitled to a preliminary injunction include: (1) a substantial likelihood of ultimate success on the merits; (2) that there will be irreparable injury unless the injunction issues; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the public interest will not be harmed if the injunction issues. *Cate*, 707 F.2d at 1185.

Plaintiff contends that he has a substantial likelihood of success on the merits of his claims because he suffered an actual injury to his First Amendment rights. Specifically, Plaintiff contends that the denial of adequate access to his stored legal materials caused him "actual injury" because it prevented him from complying with the Court's April 26, 2022 Order to describe the efforts he made to obtain access to religious items. Mot. Access 8, ECF No. 35. According to Plaintiff, the Court dismissed Plaintiff's claims against all Defendants other than Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepherd,

Toole, Turner, and Ammons due to this failure. *Id.* These allegations are not sufficient to show that preliminary injunctive relief is appropriate in this case for at least two reasons.

First, preliminary injunctions are intended "to grant intermediate relief of the same character as that which may be granted finally." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g* 131 F.3d 950 (11th Cir. 1997). Thus, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Id.* In this case, there are no First Amendment court access claims pending before the Court. The relief Plaintiff seeks is therefore not of the same character and does not deal with conduct closely related to the conduct complained of in Plaintiff's Recast Complaint. Plaintiff's requested preliminary injunctive relief is therefore improper.

Furthermore, even if there were First Amendment court access claims pending in this case, Plaintiff has failed to show that there is a substantial likelihood of success on them. To have standing to seek relief for a First Amendment access-to-courts claim, "a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Although Plaintiff appears to contend that the "actual injury" in this case is the dismissal of all but nine named Defendants, the Court dismissed the claims against those Defendants without prejudice and advised Plaintiff that he could move for leave to amend his Complaint if discovery revealed that different or additional Defendants were involved in the decision to deny Plaintiff the requested items. Order &

Recommendation 12 n.1, ECF No. 30. Plaintiff has therefore failed to allege that he suffered an "actual injury" that would sustain a First Amendment claim. Plaintiff's motion (ECF No. 35) is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for service by the United States Marshal (ECF No. 34), his motion for access to stored legal materials (ECF No. 35), and his motion for leave to file the SASC (ECF No. 36) are **DENIED.** Plaintiff's motion to expedite consideration of his motion for service (ECF No. 38) is **DENIED as moot.** Plaintiff shall have **SIXTY (60) DAYS** from the date of this Order to perfect service on Defendants. **Plaintiff is warned that the failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this action.**

**SO ORDERED**, this 2nd day of May, 2023.

*s/ Hugh Lawson*  
HUGH LAWSON, SR. JUDGE