IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | :    NO. 7:20-CV-00113-HL-TQL |
| | : |
| TIMOTHY WARD, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Presently pending before the Court are motions filed by *pro se* Plaintiff Waseem Daker seeking (1) expedited consideration of his motion for service (ECF No. 41); (2) a transfer of this action to the Northern District of Georgia (ECF No. 42); and (3) leave to file a third amended and supplemental complaint (ECF No. 43).  For the following reasons, Plaintiff's motions are **DENIED**.

## DISCUSSION

### I.     Motion for Expedited Ruling on Motion for Service

Plaintiff has first filed a motion requesting expedited consideration of his motion for service.  Plaintiff's motion for service was denied on May 2, 2023, and Plaintiff was ordered to effect service of process within sixty (60) days of the date of that Order.  Order Den. Mot. Service 10, May 2, 2023, ECF No. 40.  Plaintiff's motion to expedite a ruling (ECF No. 41) is therefore **DENIED as moot**.  Although Plaintiff's copy of the May 2nd Order was not returned to the Court as undeliverable due to Plaintiff's recent transfer to

another facility, in an abundance of caution the Clerk is **DIRECTED** to mail Plaintiff a copy of the May 2nd Order (ECF No. 40) to his new address at the Hays State Prison. The Court will also provide Plaintiff an additional **FORTY-FIVE (45) DAYS** from the date of this Order to perfect service in this case.

  II.  **Motion for Leave to File Third Supplemental Complaint**

Plaintiff has also filed a motion for leave to file a third supplemental complaint in this action (ECF No. 43), and he has attached a copy of his proposed pleading (the "PTSC") to his motion (ECF No. 43-1). Plaintiff requires the Court's leave to supplement. Fed. R. Civ. P. 15(d). While the Court "should freely give leave [to supplement] when justice so requires," leave to supplement need not be granted where—among other things—amendment would be futile or there exists "bad faith or dilatory motive on the part of the movant[.]" *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harris v. Garner*, 216 F.3d 970, 987 n.6 (Tjoflat, J., concurring in part) (observing that standard for supplementing pleadings under Federal Rule of Civil Procedure 15(d) is the same as that for amending pleadings under Rule 15(a)). The Court again finds that the motion in this case was filed in bad faith and/or that amendment would be futile.

Plaintiff's motion must first be denied because it is yet another improper attempt to expand the scope of the claims that are proceeding for further factual development in this case. This was not originally a case about the confiscation of Plaintiff's religious paraphernalia. Rather, Plaintiff's claims centered on his allegations that Defendants' policies forbade him from obtaining certain religious items in the first place. *See, e.g.,* Compl. 18, ECF No. 1 ("Plaintiff has requested to be allowed to receive food packages

from halal food mail-order vendors, paid for by family members or friends, so that he may maintain a halal diet, whenever possible. All his requests have been ignored."); *id.* at 24 ("Defendant Union Supply Direct is denying him and refuses to allow anybody to order him property or food packages, including CD's and religious paraphernalia, including . . . prayer rugs, kufi and yarmulke religious caps, and religious medallions."); Am. Compl. 34, May 14, 2021, ECF No. 11 (challenging "the GDC Defendants' and Union Supply Direct's policy denying him access to shaving clippers with which to practice Islamic fitrah" and the "GDC Defendants' and Union Supply Direct's policy denying Islamic halal food to him"); Order & Recommendation 10, Jan. 5, 2023, ECF No. 30 ("[T]he crux of the remaining claims in this case is that Plaintiff has been denied all access to halal meat and dairy, clippers, a kufi, a prayer rug, and Qur'an recordings."). Because the policies also allowed Plaintiff to submit a special religious request to obtain those items, however, the Court found the policies could not facially violate Plaintiff's constitutional rights. Instead, any constitutional violation necessarily stemmed from the denial of Plaintiff's special religious requests. It thus followed that the only individuals who could be responsible for the violation of Plaintiff's constitutional rights were those individuals who denied Plaintiff's special religious requests. This case was therefore permitted to proceed only on Plaintiff's First Amendment free exercise clause and RLUIPA claims that Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepard, Toole, Turner, and Ammons substantially burdened Plaintiff's religious practice by denying his special religious requests for access to halal meat and dairy, clippers, a kufi, a prayer rug, and Qur'an recordings.

Plaintiff now alleges that he did have access to many of these items, but GDC officials confiscated them at various points during his incarceration. *See, e.g.,* Mot. Suppl. Compl. 2-6, May 31, 2023, ECF No. 43. Plaintiff's proposed supplement would therefore add an entirely new dimension to this case: instead of focusing on the alleged decisions to deny Plaintiff access to religious materials, the PTSC—and for that matter, the PSASC—focus on the later decisions to confiscate those materials. Those decisions involve largely different Defendants and would be based on different theories of recovery. *See, e.g.,* PTSC 1, ECF No. 43-1 (adding nearly a dozen additional Defendants to this action); *id.* at 9 (adding entirely new equal protection claim regarding kosher food package). Allowing Plaintiff to again amend or supplement his allegations to add these unrelated claims would thus permit the Plaintiff to evade (1) this Court's order limiting the scope of this case to the claims described in the April 26, 2022 Order, (2) the "three-strikes" provision of 28 U.S.C. § 1915(g), and (3) the filing restrictions imposed by this Court and others. The Court therefore concludes that Plaintiff's proposed supplement amounts to a bad faith attempt to circumvent the Court's earlier restrictions on his filings and that his motion should be denied. *See, e.g., Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (per curiam) (affirming dismissal of Plaintiff's claims for failure to comply with magistrate judge's orders regarding amendment of complaint and finding that dismissed claims could be considered malicious where "filed to circumvent court orders" in another case).

Moreover, even if the PTSC was not filed in bad faith, the supplementation sought by Plaintiff would be futile. "A supplemental pleading is futile when the claim, as amended, would still be subject to dismissal." *Ga. Ass'n of Latino Elected Officials, Inc.*

4

*v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1126 (11th Cir. 2022) (internal quotation marks omitted).  Plaintiff made no effort to ensure that the PTSC complied with the order to recast, and the claims therein could be dismissed for that reason. *See* Order 3, Mar. 31, 2023, ECF No. 39 ("The Magistrate Judge did not err in recommending that new or previously dismissed claims be dismissed in order to conform with the scope of reconsideration that the Court granted in its previous order.").  Plaintiff's claims that some prison officials confiscated his religious items are also not logically related to his claims that other prison officials denied his requests for those items altogether, and the claims in the PTSC could also be dismissed for that reason.  *See, e.g., Phillips v. Governor, State of Ga.*, No. 17-12501-H, 2017 WL 9513011, at *5 (11th Cir. Dec. 13, 2017) (noting that district court did not err by dismissing claims as unrelated because even though some of plaintiff's "claims involved similar issues—such as access to legal materials—his claims also involved separate incidents and different defendants"); *see also State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984) (affirming denial of joinder where allegations against proposed defendant were "only tangentially related to the issues and series of transactions" in the pending case because "[d]ifferent elements of proof are required for the proposed cause of action, involving different questions of fact and law"); *BBK Tobacco & Foods, LLP v. 7th St. Vill. Farm Inc.*, 1:17-CV-4079-GHW, 2017 WL 8723938, at *1 (S.D.N.Y. June 15, 2017) ("A logical relationship does not exist where a plaintiff's claims are 'independent and distinct from the allegations against the [other] Defendants[.]'" (alteration in original) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 166, 168 (S.D.N.Y. 2009)).  Finally,

and perhaps most importantly, Plaintiff could not possibly have filed a special religious request or exhausted his administrative remedies with respect to the alleged seizure of religious materials that occurred on May 2, 2023 at Hays State Prison given his allegation that the seizure occurred the very same day Plaintiff filed the PTSC.  *See* PTSC 11, ECF No. 43-1.  Because "the facts underlying [Plaintiff's] new allegations are still evolving," Plaintiff's motion to supplement is properly denied.  *Brennan v. Thomas*, 780 F. App'x 813, 819 (11th Cir. 2019) (per curiam) (affirming denial of motion to supplement where decisions about which prisoner complained were "very recent" and prisoner had just filed grievances concerning decisions).

In sum, Plaintiff's motion to amend or supplement (ECF No. 43) is denied because it was made in bad faith and/or because amendment would be futile.  This case will focus only on the denials of Plaintiff's special religious requests, which Plaintiff alleges caused him to be deprived of halal meat and dairy, clippers, a kufi, a prayer rug, and Qur'an recordings.  If Plaintiff wishes to challenge the subsequent confiscation of these items, he should file separate complaints concerning these incidents.

### III.     Motion to Transfer Case to Northern District of Georgia

Plaintiff also seeks to transfer this action to the Northern District of Georgia. Plaintiff contends that Georgia Department of Corrections officials have continued to violate his religious freedom rights since his recent transfer to the Hays State Prison in the Northern District.  Mot. Transfer 1, May 31, 2023, ECF No. 42.  Plaintiff thus contends that the Northern District is now "the most convenient forum to conduct any hearings or to grant Plaintiff any declaratory or injunctive relief."  *Id.*  The Court disagrees.  Again, the

only claims proceeding in this action are those against Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepard, Toole, Turner, and Ammons concerning their alleged denial of halal meat and dairy, clippers, a kufi, a prayer rug, and Qur'an recordings. Order 1, Mar. 31, 2023, ECF No. 39. Most of these Defendants appear to be GDC employees located in this district, and the alleged violations appear to have occurred in this district or the Southern District of Georgia. The Court thus fails to see how a transfer to the Northern District will be more convenient for the parties. Plaintiff's motion for a transfer is **DENIED.**

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to expedite consideration of his motion for service (ECF No. 41), to transfer this case to the Northern District of Georgia (ECF No. 42), and his motion to amend or supplement his Recast Complaint (ECF No. 43) are **DENIED.** Plaintiff shall have an additional **FORTY-FIVE (45) DAYS** from the date of this Order to perfect service on Defendants. **Plaintiff is warned that the failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this action.**

**SO ORDERED**, this 28th day of June, 2023.

*s/Hugh Lawson*
HUGH LAWSON, SR. JUDGE
