IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 7:20-CV-00113-HL-TQL |
| | : | |
| TIMOTHY WARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER

Presently pending before the Court are motions filed by *pro se* Plaintiff Waseem Daker seeking (1) reconsideration of the Court's May 2, 2023 Order denying Plaintiff's motion for service, access to stored legal materials, to file a second amended and supplemental complaint, and to expedite consideration of his motion for service (ECF No. 46); (2) access to non-collect phones, directory assistance, and other access needed to effectuate service of process and a subpoena requiring the Georgia Department of Corrections to provide Plaintiff with address information (ECF Nos. 47, 49); (3) appointed counsel (ECF No. 48); (4) service by the United States Marshal (ECF No. 50); and (5) leave to file a supplemental complaint or for direction regarding supplementation (ECF No. 51). For the following reasons, Plaintiff's motions are **DENIED.**

## DISCUSSION

As is typical for Plaintiff, the arguments made in his pending motions are often duplicative and overlapping. As best as the Court can tell, however, Plaintiff seeks a ruling

on two main issues. First, Plaintiff again requests service by the United States Marshal or some sort of accommodations that would assist him in effecting such service. Second, Plaintiff again requests to supplement or amend his Complaint in this case. For the reasons discussed below, these requests are denied.

## I. Requests Concerning Service

Plaintiff's motion for reconsideration (ECF No. 46) requests that the Court take a second look at its Court's May 2, 2023 Order denying service by the United States Marshal.[1] Plaintiff's second motion for service (ECF No. 50) also specifically requests an order directing the marshal to effect service in this case. Alternatively, Plaintiff's motion for access to resources to effect service (ECF No. 47), his limited motion to appoint counsel (ECF No. 48), and his motion for a subpoena (ECF No. 49) seek accommodations that would assist him in perfecting service on his own. The crux of Plaintiff's claims is that the Court erred in determining that the circumstances of his incarceration make it impossible for him to perfect service of process in this case.

According to the plain language of Rule 4(c)(3), the Court's decision to have the marshal serve process is discretionary. *Harpo v. Intermark Mgmt. Corp.*, No. CV121-087, 2022 WL 1025193, at *1 (S.D. Ga. Apr. 6, 2022) (citation omitted). But "the Court is required to consider whether Plaintiff has exhausted other reasonable means of effecting

---

[1] Plaintiff's Local Rule 7.6 provides that motions for reconsideration must be filed within fourteen (14) days after the entry of the order for which reconsideration is sought. M.D. Ga. R. 7.6. Although Plaintiff's motion was filed on June 19, 2023, Plaintiff also alleges that he did not receive the May 2, 2023 Order until June 13, 2023. Mot. Recons. 1, July 8, 2023, ECF No. 46. The Court therefore considers Plaintiff's motion to be timely filed.

service privately before directing the marshal to effect service." *Id*.; *Shaw v. Hall*, 5:12-cv-135-CAR-MSH, 2013 WL 5571235 at *13 (M.D. Ga. Oct. 9, 2013) ("[B]efore directing the Marshals to effect service, the Court 'should determine whether [the] plaintiff has exhausted other reasonable means of effecting service privately....'" (internal quotation marks omitted) (alterations in original)).  The Court is not convinced that Plaintiff has exhausted reasonable means of effecting service privately in this case.  Plaintiff plainly acknowledges that he has the financial resources to effect service of process on his own, *see, e.g.,* Mot. Service 11, ECF No. 5, and his allegations that he cannot successfully manage to litigate this portion of his lawsuit ring hollow given his demonstrated ability to prosecute multiple simultaneous lawsuits and appeals.  In this case alone, Plaintiff has managed to file more than a dozen typewritten documents totaling nearly 200 pages since the Court first ordered him to serve process on January 5, 2023.  It also appears that despite his allegations to the contrary, at least one individual is currently actively assisting Plaintiff with this litigation—it appears someone signed several of Plaintiff's documents on his behalf, and Plaintiff marked through that signature and affixed his own.  *See, e.g.,* Attach. 1 to Mot. Suppl. 20, July 24, 2023, ECF No. 51-1.  And, again despite his allegations to the contrary, Plaintiff or one of his associates plainly has access to the internet—and is actively conducting searches thereon—given Plaintiff's direct citations to recent online resources in this case and others.  *See, e.g.,* Mot. Service 8, ECF No. 50 (citing to January 15, 2023 article retrieved from and viewed on internet on February 8, 2023); Mot. Summ. J. 30 n.4, ECF No. 209 in *Daker v. Bland*, Case No. 6:20-cv-00090-JRH-BWC (S.D. Ga. July 24, 2023) (citing to online dockets of Georgia Court of Appeals).

At any rate, Plaintiff has not explained what specific forms of assistance he requested from any individual, from whom he requested this assistance, when he requested this assistance, or any other specific facts that would help the Court determine whether Plaintiff exhausted reasonable means of effecting service privately. While the Court understands neither Plaintiff nor the Court can require a third party to provide Plaintiff with any assistance, it is certainly "reasonable" for the Court to expect that the individual(s) who have provided Plaintiff with significant assistance thus far would continue to do so.

Plaintiff's argument that cases such as *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010), require the Court to order service of process in this case miss the mark. *See, e.g.,* Mot. Recons. 1, ECF No. 46. *Richardson* does not hold that the Court is required to order the United States Marshal to serve Defendants in the first instance; *Richardson* involved a case where the prisoner-litigant was proceeding *in forma pauperis* and the marshal was therefore required to serve the defendants. While the case does suggest it may be problematic for a *pro se* prisoner to provide addresses for individuals who are no longer employed by the prison system, the case says nothing about those individuals who are still employed by the prison. As best as the Court can tell, Plaintiff has taken no reasonable steps to serve any of those individuals (with the possible exception of Defendant Adams, whom Plaintiff attempted to serve by using the in-prison mail system).

In sum, the Court finds Plaintiff has not met his burden to show that he has taken all reasonable steps to serve process in this case, and his motion for reconsideration and second motion for service by the marshal (ECF Nos. 46, 50) are accordingly **DENIED.** Because Defendants have not been served, this Court does not have the authority to subpoena them

or direct them to provide any information or further resources to Plaintiff.  *See, e.g., Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (internal quotation marks omitted) ("Service of Process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  Plaintiff's motions requesting such relief (ECF Nos. 47, 49) are therefore also **DENIED.**

The Court also finds that appointed counsel is not warranted in this case. "Appointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Id*.  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2] Plaintiff is an experienced litigant with significant resources at his behest.  He has had no difficulty "in presenting the essential merits of his position to the court" in this case, nor does the Court anticipate any difficulty with Plaintiff continuing to do so.  *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam).  Further, the Court finds that Plaintiff is more than capable of either perfecting service or providing the Court with a detailed accounting of the steps he took perfect service if these efforts prove to be

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

unsuccessful.  In addition, because the Court is denying Plaintiff's motion to amend or supplement, Plaintiff will not require counsel for the limited purpose of filing such a document.  Thus, in accordance with *Holt* and upon reviewing the record in this case, Plaintiff's motion to appoint counsel either generally or for the limited purpose of perfecting service or filing an amended or supplemental complaint (ECF No. 48) is **DENIED.**  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

    II.     **Request for Leave to File Supplemental Complaint**

Plaintiff has also filed a motion for leave to file a "second" supplemental complaint in this action, and he attaches a copy of this pleading to his motion; alternatively, Plaintiff seeks "direction" regarding the supplementation of his Complaint (ECF Nos. 51, 51-1). The Court notes that Plaintiff previously filed a motion to file a *third* supplemental complaint (ECF No. 43).  The Court denied this motion on June 28, 2023 and explained the scope of the litigation in this case (ECF No. 45).

It is unclear whether Plaintiff filed his currently pending motion to supplement after he received the Court's June 28th Order denying supplementation, but for the same reasons set forth therein, the Court denies leave to supplement pursuant to Federal Rule of Civil Procedure 15(d).  The claims that are proceeding in this case are Plaintiff's claims that Defendants' policies, as applied to his particular situation, forbade him from obtaining halal meat and dairy, clippers, a kufi, a prayer rug, and Qur'an recordings.  Pursuant to

6

those policies, Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepard, Toole, Turner, and Ammons are the only individuals who could have denied Plaintiff's special religious requests to obtain those items. Accordingly, Plaintiff's claims shall proceed only as to those Defendants. As was previously explained, if Plaintiff wishes to challenge the subsequent confiscation of these items, he should file separate complaints concerning these incidents. **The Court will not entertain additional motions to expand the scope of this litigation, and Plaintiff is advised that filing additional motions to do so may result in sanctions up to and including the dismissal of this action.**

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration (ECF No. 46), for access to resources needed to effectuate service of process (ECF No. 47), for appointed counsel (ECF No. 48), for a subpoena (ECF No. 49), for service by the United States Marshal (ECF No. 50), and for leave to file a supplemental complaint (ECF No. 51) are **DENIED.** Plaintiff shall have an additional **THIRTY (30) DAYS** from the date of this Order to perfect service on Defendants or to show good cause why any Defendant could not be served. Any showing of good cause must explain the specific steps Plaintiff took to attempt to effect service of process in this action for the relevant Defendant(s). The Clerk is **ORDERED** to provide Plaintiff with one additional copy of his Recast Complaint (ECF No. 26) and one copy each of the Court's standard notice of lawsuit and request for waiver of service of summons, and waiver of service of summons forms. As Plaintiff has been previously advised, he must contact the Clerk's office to have summons issued. **Plaintiff is warned that the failure to fully and timely comply with the Court's orders and**

7

instructions may result in the dismissal of this action for failure to comply and/or pursuant to Federal Rule of Civil Procedure 4.

**SO ORDERED**, this 10th day of August, 2023.

*s/ Hugh Lawson*
HUGH LAWSON, SR. JUDGE
