IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 7:20-CV-00113-HL-TQL |
| | : | |
| TIMOTHY WARD, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# **ORDER**

Presently pending before the Court is *pro se* Plaintiff Waseem Daker's response to the Court's August 10, 2023 Order directing Plaintiff to perfect service on Defendants or show good cause why any Defendant could not be served (ECF No. 54). In his response, Plaintiff declares under penalty of perjury that he did not receive the Court's order until August 26, 2023. Resp. 1, Sept. 21, 2023, ECF No. 54. On that date, Plaintiff avers he completed the summons form, addressed it to Defendant Jennifer Ammons, and mailed it back to the Clerk to sign and date. *Id.* at 1-2. Plaintiff contends he has not received the signed and dated summons back from the Clerk. *Id.* at 2. Plaintiff also avers he mailed a separate letter to the Clerk on that date requesting six summons forms, twelve request for waiver of summons forms, and twelve waiver of summons forms. *Id.* Plaintiff likewise contends he has not received those forms from the Clerk. *Id.*[1]

---

[1] The docket sheet reflects that the Clerk received Plaintiff's letter requesting summons issue as to Jennifer Ammons and issued that summons on September 7, 2023 (ECF No.

Next, Plaintiff avers that on August 26, 2023, he wrote a letter and sent a law library request to the prison law librarian seeking access to a Yellow Pages or other directory from which he could obtain contact information for process servers. Resp. 2, ECF No. 54. Plaintiff states he also filed a grievance two days later, seeking access to a Yellow Pages or similar directory and a non-collect phone from which he could attempt to contact process servers. *Id.* Plaintiff alleges the law librarian told him he did not have the requested information in the law library, and Plaintiff also contends prison officials have not responded to his grievance. *Id.*

Plaintiff next alleges that he contacted two free-world friends who have helped him in the past. Resp. 2-3, ECF No. 54. One individual "has been avoiding [Plaintiff] since June 1, 2023, b/c she is a witness in [Plaintiff's] criminal case" and does not wish to testify in a hearing on Plaintiff's motion for a new trial. *Id.* Plaintiff has not heard back from this individual, nor does he expect to. *Id.* Plaintiff alleges "another friend . . . occasionally assists w/printing or mailing documents," but Plaintiff states this individual "does not assist [Plaintiff] w/looking up information or making calls on [Plaintiff's] behalf, and he never has." *Id.* Plaintiff also states that he wrote to this individual specifically requesting assistance regarding service of process, but he has not heard back from this individual. *Id.*

Plaintiff further attests that neither of these individuals have provided him assistance with things like typing documents in the past. Resp. 3, ECF No. 54. Plaintiff states he types his own documents using a JPay tablet, although he concedes a friend sometimes

---

53). The docket sheet does not show that the Court received a letter from Plaintiff requesting copies of any summons forms.

2

prints and mails the documents for Plaintiff. *Id.* And he states that his free-world friends are not presently willing to conduct any internet research for him, though he indicates at least one of his friends may have done so previously. *Id.* Plaintiff also alleges that while he has "had access to cell phones in prison in the past, and [he is] not opposed to having access to one," Plaintiff has "not had access to one recently, in several months." *Id.* Plaintiff also states that he has been unable to get any other inmate who does have a cell phone to assist him with looking up contact information for process servers or Defendants. *Id.* For all these reasons, Plaintiff contends that he has shown good cause why he has not yet served Defendants, and he has also shown exceptional circumstances warranting service of process by the United States Marshal or an extension of time for service of process. *Id.* at 4-5.

While the Court has previously expressed its reluctance to subsidize Plaintiff's litigation expenses, it also recognizes that Plaintiff has now made at least some effort to fulfill his obligation to serve the Defendants in this action. Accordingly—as previously proposed by Plaintiff—the Court will take a similar approach as the Northern District of Georgia to assist Plaintiff with service of process on Defendants Toole, Ammons, Turner, Crickmar, Shepherd, Emmons, Riser, Adams, and Hill. The Clerk is thus **DIRECTED** to calculate the cost of copies and postage necessary to send each of these Defendants a service waiver package. The Clerk shall then forward the total amount so calculated to the Plaintiff. Plaintiff is **DIRECTED** to remit to the Clerk that amount within **TWENTY-ONE (21) DAYS** of receiving the total cost calculation from the Clerk.

Upon receipt of such funds, the Clerk is **DIRECTED** to send Plaintiff a USM 285 form and summons for each Defendant. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each Defendant. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within **TWENTY-ONE (21) DAYS** of receipt of the forms from the Clerk. **Plaintiff is warned that the failure to comply in a timely manner could result in dismissal of this civil action.** The Clerk is **DIRECTED** to notify the Court if Plaintiff fails to comply with the above directives.

Upon receipt of the completed forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first-class postage for use by each Defendant for return of the waiver form, one (1) copy of the Recast Complaint (ECF No. 26), and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and summonses.

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, the Defendant will bear the costs that may be incurred by Plaintiff to effect personal service unless good cause can be shown for failure to return the Waiver of Service form.

If a Defendant does not return an executed Waiver of Service form to the Clerk of Court within the time set forth in the request to waive service, the Court shall make further provision regarding personal service as necessary.

**SO ORDERED**, this 16th day of October, 2023.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE
