IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:20-CV-113 (LAG) |
| TIMOTHY WARD, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Before the Court are several motions filed by *pro se* Plaintiff Waseem Daker: (1) a Motion objecting to any future stay of discovery in this action (Motion to Not Stay Discovery) (Doc. 64); (2) a Motion for an evidentiary hearing on exhaustion or unavailability of administrative remedies (Motion for Evidentiary Hearing) (Doc. 69); (3) a Motion for discovery on issues of exhaustion and unavailability of administrative remedies (Motion for Discovery) (Doc. 70); (4) a Motion for an Order compelling prison officials to stop interfering with Plaintiff's mail (Motion to Compel) (Doc. 71); (5) a Motion for Partial Summary Judgment (Doc. 72); (6) a Motion requesting service of process by the United States Marshal (Motion for Service) (Doc. 73); (7) a Motion for a Temporary Restraining Order (Doc. 74); and (8) a Motion to expedite a ruling on Plaintiff's motion for service (Motion to Expedite) (Doc. 75). For the reasons stated below, Plaintiff's Motion requesting service of process (Doc. 73) is **GRANTED**. All other motions are **DENIED**.

## DISCUSSION

**I.  Motions Regarding Service of Process**

Plaintiff has filed a Motion for Service of Process by the United States Marshal (Doc. 73) and a Motion to expedite consideration of this motion (Doc. 75). Although Plaintiff is not proceeding *in forma pauperis*, he may request the Court to order the United

States marshal to serve process. Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."); Fed. R. Civ. P. 4(c)(3) advisory committee's note to 1993 amendment ("The court also retains discretion to appoint a process server on motion of a party."). According to the plain language of Rule 4(c)(3), the Court's decision to have the marshal serve process is discretionary. *Harpo v. Intermark Mgmt. Corp.*, No. CV 121-087, 2022 WL 1025193, at *1 (S.D. Ga. Apr. 6, 2022). In exercising this discretion, the Court is required to consider "whether Plaintiff has exhausted other reasonable means of effecting service privately before directing the marshal to effect service." *Id.*; *Shaw v. Hall*, 5:12-CV-135-CAR-MSH, 2013 WL 5571235, at *13 (M.D. Ga. Oct. 9, 2013) (stating that "before directing the Marshals to effect service, the Court should determine whether the plaintiff has exhausted other reasonable means of effecting service privately" (cleaned up)).

Plaintiff states he has attempted to serve Defendants by mailing each one a request for waiver of service of summons, as directed by the Court; but asserts that he has not received a response from Defendants. "[S]ervice in this case has been a long process and requiring Plaintiff to serve . . . Defendants will likely cause further delay and unnecessarily prolong this case[.]" *Harpo*, 2022 WL 1025193, at *1. Accordingly, Plaintiff's Motion for Service (Doc. 73) is **GRANTED**, and his Motion to Expedite (Doc. 75) is **DENIED as moot.** The Court **ORDERS** the United States marshal or deputy marshal to personally serve Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepherd, Toole, Turner, and Ammons with a copy of the Recast Complaint (Doc. 26), a copy of the Court's January 5, 2023 Order & Recommendation (Doc. 30), a copy of the Court's March 31, 2023 Order (Doc. 39), and a copy of this Order. Defendants are **ORDERED** to file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## II.     Motions Regarding Discovery and Evidentiary Hearings

Plaintiff anticipates that Defendants will move to dismiss this case for Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform

Act. (Doc. 64 ¶ 9); *see* 42 U.S.C. § 1997e(a). Plaintiff has thus filed a motion requesting that the Court "not stay Discovery so as to allow him to an opportunity for discovery on the issues of both unavailability and exhaustion of administrative remedies," (Doc. 64 at 1); a 40-plus page memorandum in support of this Motion (Doc. 67); a supplemental memorandum in support of this Motion (Doc. 68); a Motion for an evidentiary hearing "on all disputed factual issues regarding exhaustion or unavailability of administrative remedies" (Doc. 69 at 1 (emphasis omitted)); and a Motion for discovery "on issues of unavailability of administrative remedies" and supplemental motion "to not stay discovery" (Doc. 70 at 1 (emphasis omitted)).

According to Plaintiff, Defendants are likely to file a motion to dismiss alleging non-exhaustion and a motion to stay discovery pending that motion to dismiss. (Doc. 64 ¶ 9). Plaintiff contends it is the Court's practice to grant motions to stay discovery pending disposition of a motion to dismiss on these grounds. (*Id.* ¶ 6). Plaintiff asserts that he has exhausted his administrative remedies or that administrative remedies were not available. (*Id.* ¶ 9). Plaintiff contends "this Motion is not premature" because it is "highly likely" that Defendants will destroy some evidence in their possession if discovery is delayed and that he requires discovery to respond to any motion to dismiss alleging failure to exhaust administrative claims. (*Id.* ¶¶ 8–10).

Notwithstanding Plaintiff's concerns, these motions are premature. Defendants have not been served or filed any documents in this case. (*See* Docket). The Court will not speculate as to what defenses Defendants will raise, nor will it attempt to preemptively rule on the necessity for any discovery or the scope thereof. To the extent Plaintiff is concerned about the spoliation of evidence, discovery sanctions should be sufficient to deter Defendants from destroying any relevant evidence in this case. *See, e.g.*, *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (holding that the district court has "broad discretion" to impose sanctions for discovery abuses, including but not limited to the "failure to preserve evidence"). Plaintiff's Motion to Not Stay Discovery, Motion for Evidentiary Hearing, and Motion for Discovery (Docs. 64, 69, 70) are therefore **DENIED as premature**.

### III. Motion for Partial Summary Judgment, Motion for Temporary Restraining Order, and Motion to Compel

Plaintiff also filed a Motion seeking partial summary judgment on his claims regarding Defendants' alleged denials of clippers, kufis, and prayer rugs. (Doc. 72). In this motion, he seeks a declaratory judgment, a permanent injunction, and preliminary injunctive relief. (*Id.* at 1–2). In addition, Plaintiff has filed a Motion for a Temporary Restraining Order ("TRO") requesting an order that would require the Georgia Department of Corrections to adopt "any or all" of the "less restrictive means" proposed by Plaintiff that would allow him to acquire clippers, kufis, and prayer rugs. (Doc. 74 at 1–2). Alternatively, Plaintiff requests that Defendants be ordered to respond and show cause why a TRO should not issue. (*Id.* ¶ 5).

To the extent Plaintiff has filed a Motion for partial summary judgment, it is well-established that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). Discovery has not commenced in this case, and Plaintiff's motion is therefore premature. Accordingly, his Motion for Partial Summary Judgment (Doc. 72) **DENIED**.

To the extent Plaintiff seeks preliminary injunctive relief, a TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[1] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (citations omitted) (per curiam).

---

[1] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

4

In his Motion for Preliminary Injunctive Relief, Plaintiff essentially seeks the same substantive relief he requests in his Motion for Partial Summary Judgment—release from Tier II segregation or an exception to existing Georgia Department of Corrections policies that would allow him to purchase a kufi, prayer rug, and clippers. (Doc. 72-2 at 11). Granting Plaintiff's requests for preliminary injunctive relief would disrupt the status quo rather than preserve it. *Fernandez-Roque*, 671 F.2d at 429 (noting that an "inherent characteristic" of a TRO is that it serves to preserve the status quo). Accordingly, Plaintiff's claims for preliminary injunctive relief or a temporary restraining order seeking release from Tier II confinement or a modification to existing GDC policies (Docs. 72, 74) are also **DENIED.**

Plaintiff has also filed a Motion for an order compelling Defendants or other prison officials to stop interfering with his legal mail. (Doc. 71). This motion is likewise in the nature of a motion for preliminary injunctive relief. But the claims in this Motion are effectively ones for court access, and they have nothing to do with the claims that are proceeding in this action. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997). Plaintiff has been advised of this requirement previously. *See, e.g.*, *Daker v. Owens*, No. 6:14-CV-47, 2021 WL 7541414, at *2 (S.D. Ga. Nov. 29, 2021) (denying motions for preliminary injunctions related to mail where only due process claims were proceeding). The Court also notes that it has received a significant amount of legal mail from Plaintiff that has been delivered in a timely manner. For example, Plaintiff's three most recently filed motions (Docs. 73, 74, 75) and his recent letter to the Court (Doc. 76) were all received within ten days of the date they were signed by Plaintiff.[2] And, as Plaintiff is well-aware, the prison mailbox rule means he will not be penalized for any delays on the part of the prison mail system. *Garvey*

---

[2] The only document that appears to have been delayed for any significant length of time is Plaintiff's Motion for partial summary judgment (Doc. 72), which was signed on March 10, 2024, but received by the Court on April 2, 2024. There is no postmark on this document, however, so it is impossible to determine whether this delay occurred in the jail or at the hands of the Postal Service.

5

*v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (observing that under the "mailbox rule" a court will generally deem a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing). Accordingly, Plaintiff's Motion to Compel (Doc. 71) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Service (Doc. 73) is **GRANTED**, but his Motion to Expedite consideration of that Motion (Doc. 75) is **DENIED as moot**. Plaintiff's Motion to Not Stay Discovery, Motion for Evidentiary Hearing, and Motion for (Docs. 64, 69, 70) are **DENIED as premature.** Plaintiff's Motion for Partial Summary Judgment and his Motions for Preliminary Injunctive Relief or a Temporary Restraining Order (Docs. 72, 74) and his Motion to Compel (Doc. 71) are **DENIED.**

**SO ORDERED**, this 9th day of September, 2024.

<u>/s/ Leslie A. Gardner</u>
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**