IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:20-CV-113 (LAG) (ALS) |
| TIMOTHY WARD, *et al.*, | : |
| Defendants. | : |

**ORDER**

Before the Court is *pro se* Plaintiff Waseem Daker's Motion for Reconsideration (Motion), filed on December 3, 2024. (Doc. 99). Therein, Plaintiff asks the Court to reconsider its January 5, 2023 and March 31, 2023 Orders (Docs. 30, 39).[1] (*Id.* at 1). Under Rule 60(b),

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

---

[1] Plaintiff brings the Motion pursuant to Rule 59(e). (Doc. 99 at 4). Motions filed pursuant to Rule 59(e) must be filed no later than 28 days after the entry of judgment; however, no judgment has been entered in this matter. Fed. R. Civ. P. 59(e); (*see* Docket). On March 31, 2023, the Court allowed the First Amendment free exercise clause claims and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims set forth in the Recast Complaint (Doc. 26) to proceed for further development against Defendants Riser, Hill, Emmons, Adams, Crickmar, Shepard, Toole, Turner, and Ammons. (Doc. 39 at 4). As such, the case is still ongoing. Accordingly, the Court liberally construes Plaintiff's Motion as being filed pursuant to Rule 60(b). *See* Fed. R. Civ. P. 60.

> vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015) (per curiam).

A motion brought pursuant to Rule 60(b) "must be made within a reasonable time[,]" and for the first three grounds, "no more than a year after the entry of the . . . order[.]" Fed. R. Civ. P. 60(b). Plaintiff seeks reconsideration because of "the availability of new evidence" and "the need to correct clear error or manifest injustice[,]" invoking the first two grounds of Rule 60(b). (Doc. 99 at 4). Thus, Plaintiff had until March 31, 2024 to file a motion for reconsideration. *See* Fed. R. Civ. P. 60(b). Plaintiff did not file the Motion, however, until December 3, 2024. (Doc. 99). Moreover, pursuant to Local Rule 7.6, "[w]ith the exception of motions filed pursuant to Fed. R. Civ. P. 59(e), motions for reconsideration shall be filed within fourteen (14) days after entry of the order." M.D. Ga. L.R. 7.6. Accordingly, Plaintiff's Motion (Doc. 99) is **DENIED**.

**SO ORDERED**, this 22nd day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**