**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|                          |   |                          |
|--------------------------|---|--------------------------|
| WASEEM DAKER,            | : |                          |
|                          | : |                          |
|    Plaintiff, | : |                          |
|                          | : |                          |
| v.                       | : | CASE NO.: 7:20-CV-113 (LAG) |
|                          | : |                          |
| ROBERT TOOLE, *et al.*,  | : |                          |
|                          | : |                          |
|    Defendants. | : |                          |
|                          | : |                          |

## <u>ORDER</u>

Before the Court are the Magistrate Judge's August 18, 2025 Recommendation (Doc. 205), Plaintiff's Objections and Motion to Exceed Page Limits (Doc. 210), and Plaintiff's Supplemental Objections (Doc. 216). For the reasons below, Plaintiff Objections are **OVERRULED**, and the Magistrate Judge's Recommendation is **ACCEPTED** and **ADOPTED**.

## LEGAL STANDARD

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. The Court also has discretion to consider new facts and arguments raised in an objection. *Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009). When a party's objections, however, are "[f]rivolous, conclusive, or general," the district court need not consider them. *United States v. Schultz*, 565 F.3d 1353, 1361

(11th Cir. 2009) (per curiam). An objecting party "must clearly advise the district court and pinpoint specific findings that the party disagrees with." *Id.* at 1360.

## DISCUSSION

On August 18, 2025, the Magistrate Judge issued a Recommendation, recommending that the Defendants' Motions to Dismiss (Docs. 112, 116, 130)[1] be granted, and that Plaintiff's Recast Complaint (Doc. 26) be dismissed without prejudice. (Doc. 205 at 15). The Magistrate Judge further recommends that Plaintiff's remaining motions (Docs. 122, 135, 156, 199, 200, 201) be denied as moot. (*Id.* at 15 n.8). The recommendation triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) for the Parties to file written objections. On September 9, 2025, the Magistrate Judge granted Plaintiff's motion for an extension to file objections, extending his deadline to September 30, 2025. (Doc. 208). The Court timely received Plaintiff's September 4, 2025 Objections on September 23, 2025. (Doc. 210).[2] On October 17, 2025, the Court received Plaintiff's October 9, 2025 Supplemental Objections. (Doc. 216). The Supplemental Objections (Doc. 216) are untimely even under the Prison Mailbox Rule. *See Williams*, 557 F.3d at 1290 n.2 (citations omitted) ("[A] *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."). Accordingly, the Court only considers Plaintiff's September 4, 2025 Objections (Doc. 210).

Pursuant to 28 U.S.C. § 636(b)(1), the Court has performed a *de novo* review of those portions of the Recommendation to which Plaintiff objects. Plaintiff makes two objections: (1) that the Magistrate Judge erred in recommending dismissal before addressing Plaintiff's Motion to Recuse Magistrate Judge Alfreda L. Sheppard (Doc. 200);

---

[1]    On December 19, 2024, seven Defendants—Jennifer Ammons, Steven A. Turner, Scott Crickmar, Stan Shepherd, FNU Riser, Bernard Hill, and Robert Toole—filed a Motion to Dismiss Plaintiff's Recast Complaint. (Doc. 112). Defendants Shawn Emmons and Brian Adams joined the Motion to Dismiss and adopted the arguments raised by their co-Defendants. (Docs. 116, 130).

[2]    Plaintiff contemporaneously moves to exceed the page limitation on his Objections. (Doc. 210 at 1). "Objections to a Report and Recommendation are limited in length to twenty (20) pages." M.D. Ga. L.R. 7.4. Plaintiff seeks to exceed the page limitation by 16 pages. The Court **DENIES** Plaintiff's motion to exceed page limit. Accordingly, throughout the Order, the Court considers only the first twenty pages of Plaintiff's Objections. (Doc. 210 at 1–20).

and (2) that the Magistrate Judge erred in recommending dismissal based on a non-exhaustion of administrative remedies. (*See* Doc. 210).

## I.   Recusal

The Eleventh Circuit has held that if "recusal is warranted, the district court generally is not allowed to take any further action concerning the merits." *Daker v. Toole*, 736 F. App'x 234, 236 (11th Cir. 2018) (per curiam) (citation omitted). Thus, the Court first addresses Plaintiff's Motion for Recusal. (Doc. 200). 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which his impartiality might reasonably be questioned." And § 455(b)(1) states that a judge should also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Subsection (b) "sets forth specific circumstances requiring recusal, which establish the fact of partiality," and subsection (a) "sets forth a general rule requiring recusal in those situations that cannot be categorized neatly, but nevertheless raise concerns about a judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

Notably, Plaintiff has made "hundreds of frivolous, unfounded allegations of judicial bias and/or hostility," leading one court to conclude that "it appears possible that [Plaintiff] has sought the recusal of every judge that has ruled against him." *Daker v. Almand*, No. 1:20-cv-2772-WMR, 2021 WL 790906, at \*3 (N.D. Ga. Jan. 14, 2021). "Despite this onslaught, the courts have uniformly rejected the same arguments [Plaintiff] makes here." *Daker v. Ward*, No. 5:22-cv-341 (MTT), 2023 WL 12184306, at \*3 (M.D. Ga. Jan. 24, 2023) (collecting cases). Courts have consistently found "[Plaintiff's] recusal motions to be frivolous and abusive." *Id.* at \*4 (collecting cases). Here, as in Plaintiff's other cases, Plaintiff has failed to demonstrate that Magistrate Judge Sheppard has ruled against him because of pervasive bias or prejudice. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam). Accordingly, Plaintiff's Motion for Recusal (Doc. 200) is **DENIED**. As recusal is not warranted, the Court considers the merits of this case and the Magistrate Judge's recommendation of dismissal.

## II.    Dismissal

The remaining claims in this action are Plaintiff's First Amendment free exercise clause claim and his Religious Land Use and Institutionalized Persons Act (RLUIPA) claim. (*See* Doc. 39 at 4; Doc. 26). The Magistrate Judge recommends dismissal of Plaintiff's claims. (*See* Doc. 205). Plaintiff objects to the Magistrate Judge's recommendation of dismissal, arguing that (1) Defendants failed to meet their burden of proving availability and non-exhaustion of remedies; (2) the record is not developed; (3) the relevant administrative remedy is the Georgia Department of Corrections (GDC) Religious Accommodations Standard Operating Procedures (SOP), not the GDC Grievance SOP; (4) the GDC Religious Accommodations SOP is not an available administrative remedy under *Ross v. Blake*, 578 U.S. 632 (2016); and (5) the GDC Grievance Procedure is not an available administrative remedy under *Ross*. (Doc. 210 at 3–20). As an initial matter, this Court previously has addressed Plaintiff's concerns about the development of the record, and again notes that Plaintiff's complaints that he is unable to develop the record are belied by his active litigation in this matter.

"[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must [first] file a grievance and exhaust the remedies available[.]" *Brown v. Sikes*, 212 F. 3d 1205, 1207 (11th Cir. 2000). "[T]o properly exhaust administrative remedies[,] prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Toenninges v. Ga. Dep't of Corrs.*, 600 F. App'x 645, 648 (11th Cir. 2015) (prisoner must complete review process according to rules set forth in prison grievance system itself). Thus, the relevant administrative remedy to be exhausted is GDC's Grievance Procedure; and, Plaintiff's argument that the relevant administrative remedy to be exhausted is the GDC Religious Accommodations SOP is without merit.

The Eleventh Circuit has set forth a two-step inquiry for district courts to examine the issue of exhaustion of administrative remedies. (Doc. 205 at 4–8); *Turner v. Burnside*,

4

541 F.3d 1077, 1082 (11th Cir. 2008). At the first step, the Magistrate Judge found that, construing factual disputes in Plaintiff's favor, there remained a material factual dispute regarding the availability and legitimacy of the grievance process for religious accommodation claims. (Doc. 205 at 5–6). If the complaint is not subject to dismissal at the first step, the court moves to the second step, where it no longer must accept the plaintiff's facts as true. *Turner*, 541 F.3d at 1082. Thus, the Magistrate Judge correctly proceeded to "make specific findings in order to resolve the disputed factual issues" and "decide[] whether under those findings[,] the prisoner has exhausted his available administrative remedies." *See id.* at 1083.

Plaintiff objects to the Magistrate Judge's consideration of the documents attached to Defendants' Motion to Dismiss.[3] (Doc. 210 at 3). Plaintiff, however, has referenced and relied upon the same documents throughout this litigation. (Doc. 205 at 6–7); *see O'Connor v. Carnahan*, No. 3:09cv224/WS/EMT, 2015 WL 6406976, at *5 (N.D. Fla. Sep. 21, 2015) (when a plaintiff also relies on certain prison records cited by defendants, there is support for admissibility). Accordingly, the Magistrate Judge did not err in considering these documents in making her specific findings.

Recognizing that an inmate can only exhaust administrative remedies that are available to him, the Magistrate Judge conducted a full analysis of the *Ross* exceptions. *See* 578 U.S. at 648 ("An inmate need exhaust only such administrative remedies as are 'available.'"). In his Objections, Plaintiff reiterates his argument that the GDC Grievance Procedure is "unavailable" under *Ross*. (Doc. 210 at 12–20). An administrative procedure is rendered "unavailable" when (1) officers' consistent unwillingness to provide relief to aggrieved inmates causes it to operate as a dead end, (2) an administrative scheme is so opaque that it becomes incapable of use, and (3) prison administrators thwart inmates from using the grievance process through machination, misrepresentation, or intimidation (*Ross* exceptions). *Ross*, 578 U.S. at 643–44. The Magistrate Judge conducted a thorough

---

[3]    In support of the Motion to Dismiss, Defendants submitted the following documents: (1) the GDC SOP for Religious Accommodations 106.11 (Religious Accommodations Policy) (Doc. 112-2); (2) the SOP for the Statewide Grievance Procedure 227.02 (Grievance Policy) (Doc. 112-3); and (3) Offender Grievances filed by Waseem Daker (Docs. 112-4, 112-5).

analysis and correctly found that Plaintiff's failure to exhaust remedies does not fall within any exception identified in *Ross*. (Doc. 205 at 11–15).

The Magistrate Judge found that the GDC Grievance Policy was available to Plaintiff as evidenced by his admission that he has filed more than 367 grievances. The Court agrees. That Plaintiff believed he did not have to exhaust his administrative remedies because he did not receive responses to hundreds of his grievances, including grievances related to his religious exercise, is of no effect. *See Turner*, 541 F.3d at 1084 ("Turner never received a written response to his formal grievance. Once the . . . time limit for a response had passed, he was required to appeal within five calendar days. He admits that he failed to file an appeal. . . . [I]f the appeal remedy was available to Turner, he should have pursued it and his failure to do so would bar his lawsuit under the PLRA's exhaustion requirement."). Additionally, the Magistrate Judge correctly noted that there is no indication that Plaintiff lacked access to the courts. (Doc. 205 at 15). Plaintiff's Objections (Doc. 210) are **OVERRULED**. As Plaintiff did not exhaust his administrative remedies, and none of the *Ross* exceptions apply, Plaintiff's claims must be dismissed.

## CONCLUSION

Accordingly, Plaintiff's Objections (Doc. 210) are **OVERRULED**. Upon full review and consideration of the record, the Court finds that the Magistrate Judge's Recommendation (Doc. 205) is hereby **ACCEPTED, ADOPTED,** and made the Order of this Court for the reason of the findings made and reasons stated therein. Plaintiff's Recast Complaint (Doc. 26) is **DISMISSED without prejudice**. Plaintiff's remaining motions (Docs. 122, 135, 156, 199, 200, 201) are **DENIED as moot**.

**SO ORDERED**, this 31st day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

6